### HOLDER v. MELUGIN et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 23, 1912.)

REMAINDERS (§ 13*) — LIABILITIES OF REMAINDERMEN—PERMANENT IMPROVEMENTS.

Where the remaindermen represent to a wife that her husband owns the land, when in fact he owns the life estate only, and thereby induce her to invest her separate funds in permanent improvements upon the land, she has a cause of action against the remaindermen for the funds invested.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. § 9; Dec. Dig. § 13.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by G. S. Holder, guardian, against Walter L. Melugin and others. From judgment for defendants on demurrer, plaintiff appeals. Reversed and remanded.

A. L. Scott, of St. Jo, for appellant. Stuart, Bell & Moore, of Gainesville, for appellees.

DUNKLIN, J. G. S. Holder, as guardian of the person and estate of Mrs. Kate Melugin, an insane, instituted this suit against Walter L. Melugin and others to establish certain indebtedness for improvements placed upon 184 acres of land and to enforce a lien thereon. A general demurrer and a special exception to plaintiff's petition were sustained, and, as plaintiff declined to amend, the suit was dismissed. From that judgment, plaintiff has appealed.

According to allegations in the petition, W. B. Melugin, who is now dead, was the husband of Mrs. Kate Melugin and the father of the defendants, whose mother was the former wife of their father. During the existence of the marriage relation between W. B. Melugin and Mrs. Kate Melugin, funds belonging to their community estate and also funds belonging to the separate estate of Mrs. Kate Melugin were by her husband invested in permanent improvements placed upon said land, thereby enhancing its market value. Plaintiff further alleges that Mrs. Kate Melugin was induced to move from and sell the former homestead of herself and husband, and to move upon the land in controversy, and to consent for her husband to invest the proceeds of sale of her former home and also funds belonging to her separate estate in the improvements so placed upon the 184-acre tract, by false and fraudulent representations that her husband was the owner of that tract in fee simple, while, as a matter of fact, the fee-simple title to the same was vested in the defendants, and W. B. Melugin owned a life estate only. In several instances it was alleged that the misrepresentations were made by W. B. Melugin, and that those misrepresentations induced his said wife to consent for the improvements to be so made.

Apparently the trial judge gave these allegations controlling effect, and, applying the familiar rule that the life tenant cannot incumber the title to land to the injury of the remainderman (Clift v. Clift, 72 Tex. 144, 10 S. W. 338), sustained the general demurrer. But the petition contains further allegations, in effect, that the same fraudulent misrepresentations were also made to Mrs. Melugin by the defendants themselves. As every reasonable intendment must be indulged in support of the petition, we think plaintiff's petition should be interpreted as meaning that the misrepresentations by the defendants likewise misled Mrs. Melugin to her injury, and that but for the same plaintiff's home would not have been sold, and her separate funds would not have been invested in the improvements. Accordingly we hold that the court erred in sustaining the general demurrer to the petition.

We are of the opinion, further, that there was error in sustaining defendants' first special exception to the petition. That exception was based upon the absence of any showing in the petition that the estate of W. B. Melugin was interested in the subject-matter of the suit. We fail to perceive how this could affect plaintiff's right to recover.

For the reasons indicated, the judgment is reversed, and the cause remanded.